UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ARMANDO RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. EDCV 17-02300-JDE<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Armando Rodriguez ("Plaintiff") filed a Complaint on November 13, 2017, seeking review of the Commissioner's denial of his application for supplemental security income ("SSI"). The parties thereafter filed consents to proceed before the undersigned Magistrate Judge. On July 14, 2018, the parties filed a Joint Stipulation ("Jt. Stip.") addressing their respective positions. The Court has taken the Joint Stipulation under submission without oral argument. This matter now is ready for decision.

**I.**

**BACKGROUND**

On November 29, 2013, Plaintiff submitted applications for SSI and for disability insurance benefits ("DIB"). Administrative Record ("AR") 31, 159-

62. On March 13, 2013, Plaintiff, individually and through counsel, withdrew his application for DIB. AR 66-67. After his SSI application was denied initially and upon reconsideration, Plaintiff requested an administrative hearing, which was held before an Administrative Law Judge ("ALJ") on April 12, 2016. AR 45-63. Plaintiff, represented by counsel, appeared and testified at the hearing, as did a vocational expert ("VE"). Id.

On May 18, 2016, the ALJ issued a written decision finding Plaintiff was not disabled. AR 31-40. The ALJ found that Plaintiff had not engaged in substantial gainful activity since November 29, 2013, the alleged onset date. AR 33. The ALJ determined that Plaintiff suffered from the following severe impairments: blind left eye, bilateral cataracts, degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, and migraine headaches. Id. The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. AR 36. The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform medium work, with limitations that he "can lift and/or carry 50 pounds occasionally and 25 pounds frequently; he can stand or walk for 6 hours out of an 8-hour workday; he can sit for 6 hours out of an 8-hour workday; he can frequently climb, balance, kneel, stoop, crouch, and crawl; he cannot perform work requiring binocular vision; he cannot perform right to left conveyor belt work; and he has limited depth perception." Id. The ALJ determined that Plaintiff was able to perform his past relevant work as an order selector, chip handler, home attendant, and office clerk relying upon the VE's testimony and finding that the past relevant work was not precluded by Plaintiff's assessed RFC. AR 39-40. Accordingly, the ALJ concluded that Plaintiff was not under a "disability," as defined in the Social Security Act. AR 40.

Plaintiff's request for review of the ALJ's decision by the Appeals Council was denied, making the ALJ's decision the Commissioner's final decision. AR 1-6. This action followed.

## II.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court may review a decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). However, a court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Lastly, even when the ALJ commits legal error, the Court upholds the decision where that error is harmless. Molina, 674 F.3d at 1115. An error is harmless if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be

3

discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

## III.

## DISCUSSION

Plaintiff contends that the ALJ failed to provide sufficient reasons for rejecting his subjective symptom testimony regarding migraines. See Jt. Stip. at 4-9; 13-15. The Commissioner disagrees. Id. at 9-13.

**A.     Applicable Law**

Where a disability claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, absent evidence of malingering, the ALJ must provide "'specific, clear and convincing reasons for' rejecting the claimant's testimony regarding the severity of the claimant's symptoms." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1102 (9th Cir. 2014) (citation omitted); Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); see also 20 C.F.R. § 404.1529(a). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude that the [ALJ] rejected [the] claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885 (alteration in original) (citation omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick, 157 F.3d at 722 (citation omitted). However, if the ALJ's assessment of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

**B.     Relevant Background**

Plaintiff argues that the ALJ erred in discounting his testimony regarding his migraine headaches, a condition that the ALJ found was a severe

impairment. Plaintiff testified at the administrative hearing that he had "chronic pain in [his] head" which caused him to become "disoriented, like seizures." AR 54. He described the pain as a "tension headache" that "never goes away," causing "daily" pain, and averred that although he takes medication for the condition, "[t]hey don't really do anything for" him. AR 55. He described taking "sumatriptan" which causes him to become "disoriented" and requires that he lie down "at least three to four . . . times a day." AR 56. In a typical day, he does not "do too much, but light housekeeping in [his] room and pick up [his] kids from school," as well as drop them off, usually by walking with them about a mile to the school. AR 56-57. He occasionally drives the children to school, depending upon how he feels. AR 57. He does not make meals for himself or his children, does not do laundry, does not go grocery shopping, does not do housekeeping beyond tidying his own room, but does handle his own personal care. AR 57-58. Plaintiff does go out to get air during the day, rarely travels to see friends or family, and does not go to church. AR 58. He sometimes uses a computer to assist his children with their homework. AR 58-59. Mostly, he spends his day "watch[ing] TV and tak[ing] it easy." AR 59. In addition to sumatriptan, he also takes "propyl-something" for migraines, one being for pain, one for the migraines themselves, although "they switched" the medication. AR 59. Plaintiff's function reports are generally consistent with his testimony at the administrative hearing on the relevant issues. See AR 209-226; 235-252.

**C.   Analysis**

The ALJ determined Plaintiff's "impairments could reasonably be expected to cause some of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained throughout this decision." AR

37. The ALJ conducted a fairly detailed recitation of medical records and made specific findings regarding his conclusions that Plaintiff's subjective symptom complaints regarding bilateral cataracts and back pain were not supported by the medical evidence. See AR 37-38. However, the support for the ALJ's findings with respect to Plaintiff's complaints regarding migraines is scant. The Court also notes that the Commissioner's portion of the Joint Statement similarly provides little in the way of defense of findings related to migraines, but far more in the defense of findings relating to back pain and cataracts – matters that are not at issue here.

The Court finds that the ALJ's conclusion that Plaintiff's subjective symptom complaints are not supported by the objective medical evidence is not supported by substantial evidence. First, to the extent the ALJ asserts that the treatment for migraines was "conservative," the decision provides no support in the medical evidence for this assertion, nor does it point to any evidence of other less "conservative" medical options available to Plaintiff to treat his migraines.

Second, although the ALJ asserts, "the medical evidence of record reveals unremarkable medical findings"(AR 37), the evidence cited in the reminder of the paragraph immediately following the assertion relates solely Plaintiff's complaints regarding back pain and cataracts. Id.

Third, although the ALJ did subsequently cite to one medical record relating to migraines, dated December 14, 2013, regarding a medical visit with Dr. Sunil Abraham on October 16, 2013, in which Plaintiff is described, after starting a new medication, as "'[d]oing very well'" (AR 38 (citing AR 302)), the record, viewed as a whole, indicates that the single reference does not provide a fair picture of the full record. For example, the same medical record indicates that headaches remain an "active" problem for Plaintiff. AR 302. Further, subsequent medical records indicate "pounding" and "throbbing"

"chronic migraine headaches" in the front of his head, though less intense, still occurred three times per week, and tension-type headaches in the back of Plaintiff's head remained daily events. See, e.g. AR 423 (report dated January 11, 2016 reflecting ongoing migraine headache pain); AR 419 (report dated September 29, 2015 regarding ongoing migraine headache pain); AR 415 (report dated December 14, 2014 regarding ongoing migraine headache pain and alteration of medication due to side effects). The medical record as a whole indicates that Plaintiff complained he suffered from ongoing, chronic, painful migraines. The Court finds that the single medical record cited by the ALJ does not constitute substantial evidence to support of a finding that Plaintiff's subjective complaints regarding migraines is not supported by the medical evidence. Further, as the Commissioner concedes, even if the subjective symptom testimony were at odds with the objective medical evidence, that alone "could not be the sole reason for rejecting his subjective complaints[.]" Jt. Stip. at 11 (citing Rollins, 261 F.3d at 856-57).

The only other basis offered by the ALJ to support the discounting of Plaintiff's subjective symptom testimony, beyond asserted lack of support in the objective medical evidence, is the assertion that Plaintiff "has described daily activities that are not limited to the extent one would expect, given the complaints of the disabling symptoms and limitations." AR 38. The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." Garrison v. Colvin, 759 F.3d 995, 1016 (9th Cir. 2014); Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited

walking for exercise, does not in any way detract from her credibility as to her overall disability."). "[O]nly if [her] level of activity [was] inconsistent with [a claimant's] claimed limitations would these activities have any bearing on [her] credibility." Garrison, 759 F.3d at 1016.

Here, the ALJ does not point to any specific daily activity that is inconsistent with Plaintiff's subjective symptom testimony; rather, the ALJ states in a conclusory fashion that Plaintiff "has engaged in a somewhat normal level of daily activity," without further explanation of what "somewhat normal" means. AR 38. The ALJ's conclusion is not supported by substantial evidence. First, the fact that Plaintiff could perform minimal activities of daily living is not a clear and convincing reason to discredit subjective complaints, especially where, like here, the ALJ did not find, and the record does not reflect, that such activities "consume[d] a *substantial part* of [Plaintiff's] day." See Vertigan, 260 F.3d at 1050 ("One does not need to be 'utterly incapacitated' in order to be disabled." (citation omitted)); see also Garrison, 759 F.3d at 1016 ("[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations[.]" (citation omitted)); cf. Bjornson v. Astrue, 671 F.3d 640, 647 (7th Cir. 2012) ("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer."). Second, Plaintiff's description of his daily activities, limited to taking his children to and from school, usually on foot, tidying his bedroom, watching television, assisting his children with homework, and performing his own personal hygiene, while being unable to perform general housekeeping duties for the entire house, cook meals, go shopping, or travel frequently away from home, is not inconsistent with a person suffering from debilitating migraines. Third, the

ALJ did not offer any explanation for how the limited tasks that Plaintiff reported he could perform were transferrable to a work context. The ALJ's conclusory reliance on Plaintiff's reported daily activities is not a clear and convincing reason supported by substantial evidence to discount Plaintiff's subjective symptom testimony.

Accordingly, the Court finds that the ALJ failed to provide specific, clear and convincing reasons supported by substantial evidence to discount Plaintiff's subjective symptom testimony and remand is warranted.

### D. Remand for Further Proceedings

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); Harman, 211 F.3d at 1179 (noting, "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). A remand for further proceedings is appropriate where outstanding issues must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled and award disability benefits. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Plaintiff seeks an immediate award of benefits, asserting that the VE testified that "a person that would be off task for 20% of the day was unemployable," and such testimony warrants such an immediate award. Jt. Stip. at 14-15. The Court disagrees for two reasons. First, by this Order, the Court makes no finding as to whether any particular RFC limitation is warranted. Second, the hypothetical question posed to the VE referenced by Plaintiff including greater physical limitations, as opposed to merely off-task

limitations, than those actually found by the ALJ. See AR 61-62.

Here, the Court concludes that remand to the Commissioner for further administrative proceedings is warranted. On remand, the ALJ shall reassess Plaintiff's subjective complaints and then reassess Plaintiff's RFC in light of the subjective symptom testimony and proceed through step four to determine if Plaintiff can perform past relevant work and depending upon the findings at step four, step five, if necessary, to determine what other work, if any, Plaintiff is capable of performing that exists in significant numbers.

## IV.
## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

Dated: July 16, 2018

_____
JOHN D. EARLY
United States Magistrate Judge